**Electronically Filed
Intermediate Court of Appeals
30445
16-JUN-2011
08:19 AM**

NO. 30445

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
REMEDIOS DIONES TAPANAN, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 09-1-1952)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Remedios Diones Tapanan (Tapanan) appeals from the Judgment of Conviction and Sentence (Judgment), filed on March 16, 2010, in the Family Court of the First Circuit (family court).[1] After a bench trial, the family court convicted Tapanan of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2009).[2]

---

[1]  The Honorable Darryl Y.C. Choy presided.

[2]  HRS § 711-1106 provides, relevant part:

> **§ 711-1106 Harassment.**  (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

On appeal, Tapanan argues that: (1) the family court made clearly erroneous oral findings of fact (FOFs) such that the family court's ultimate finding of guilt must be overturned; and (2) there was insufficient evidence in support of her conviction. Tapanan thus seeks to have her conviction reversed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tapanan's points of error as follows.[3]

(1) Tapanan asserts that the family court "specifically found that Officer Arakaki and Officer Kira testified truthfully" and therefore the family court committed clear error in finding that:

(1) I'm just not left – given the lasting impression [that the Officers] did a thorough investigation.

(2) I don't think [the Officers] followed through well.

(3) [The Officers] didn't follow up very properly.

(4) I do not think [the Officers] did a thorough investigation.

(5) I don't think [the Officers] did a thorough examination of any of the parties.

(6) [Mechael] was only asked to leave for 24 hours.

(7) I think the officer at Kalihi Station three days later did a far better investigation of this case.

Importantly, the family court's primary findings were that, although there were inconsistencies, "[i]f I have to look

---

[3] We will exercise jurisdiction in this case although the notice of appeal was filed thirty-one days after the March 16, 2010 Judgment and was thus untimely. See Hawai'i Rules of Appellate Procedure, Rule 4(b). We exercise jurisdiction pursuant to the Hawai'i Supreme Court's recognized exception as set forth in State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998) ("In criminal cases, we have made exceptions to the requirement that notices of appeal be timely filed. Our recognized exceptions involve circumstances where . . . defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance[.]"); see also State v. Knight, 80 Hawai'i 318, 323-24, 909 P.2d 1133, 1138-39 (1996).

at this entire package of what happened that day, this court is left with the clear feeling beyond a reasonable doubt that an offense of harassment did take place, and the court will adjudicate and convict the defendant of that offense." Moreover, in our view, Tapanan takes out of context the statement by the family court that "I don't think . . . the officer testified untruthfully." Rather, all of the findings that Tapanan challenges were immediately thereafter part and parcel of the family court's overall findings as to Officers Arakaki and Kira. In a bench trial, it is the province of the trial court to determine the credibility of witnesses and to weigh the evidence, and we will give due deference to those determinations. State v. Ferm, 94 Hawai'i 17, 27, 7 P.3d 193, 203 (App. 2000); State v. Aplaca, 74 Haw. 54, 65, 837 P.2d 1298, 1304-05 (1992). Additionally, and contrary to Tapanan's suggestion, we conclude that State v. Ruiz, 49 Haw. 504, 421 P.2d 305 (1966) is not on point or persuasive.

The only challenged finding that we determine to be clearly erroneous is the length of time Mechael Tapanan was asked to stay away from the apartment. That is, there is not substantial evidence that Mechael Tapanan was asked to leave for 24 hours. This erroneous finding, however, did not affect Tapanan's substantial rights and was harmless error. Hawai'i Rules of Penal Procedure, Rule 52(a). The other findings challenged by Tapanan are not clearly erroneous.

(2) In reviewing the legal sufficiency of the evidence to support a conviction, we consider the evidence in the strongest light for the prosecution. State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). In this case, the testimony of Mechael Tapanan, Herman Ling, and Officer Moerless, as well as the photographs of injuries to Mechael Tapanan admitted into

3

evidence, provide substantial evidence to support Tapanan's conviction.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on March 16, 2010, in the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, June 16, 2011.

On the briefs:

Melinda K. Yamaga
Deputy Public Defender
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu

Chief Judge

Associate Judge

Associate Judge

4